THE PEOPLE, RESPONDENT, *v.* ORTIZ, APPELLANT.

APPEAL from the District Court of Mayagüez.

No. 595.—Decided March 25, 1913.

CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL.—In order that this court may
consider the instructions given by the judge to the jury it is necessary that
they be signed by the trial·judge, neither the certificate of the stenographer
nor the consent of the parties being sufficient to give the same effect thereto.
ID.—INSTRUCTIONS TO JURY—APPEAL.—In order that this court may consider the
failure of the trial judge to review the testimony of the witnesses for the
defense, it is necessary that the accused had asked the trial court to amplify
its instructions to the jury in that sense.

The facts are stated in the opinion.
*Mr. Frank Martínez,* acting *fiscal,* for The People.
*Mr. Angel A. Vázquez* for respondent.
MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant, Isidoro Ortiz, was accused of perjury before the District Court of Mayagüez and upon being tried by a jury was found guilty of that offense and sentenced by the court to two years' imprisonment in the penitentiary at hard labor without costs, the time already served by him in prison being deducted.

The judgment was appealed from solely on the ground that the judge of the court below violated paragraph 8 of section 233 of the Code of Criminal Procedure as amended by Act of March 9, 1911, in charging the jury, because in summing up the case he omitted to review the evidence introduced by the defense, thus failing to set forth the evidence introduced in support of the plea of not guilty, as a result of which the jury brought in a verdict contrary to the evidence.

No statement of the case or bill of exceptions has been filed in this case, evidently because the only error was based upon the charges to the jury, and although these instructions are necessary for the proper determination of the question presented they have been included in the record of the appeal so imperfectly that we will have to disregard them.

When the judge gives oral instructions to the jury a record in which the stenographer certifies that it contains the judge's instructions is not sufficient, it being indispensable, as this court has repeatedly held in other cases, that the same be signed by the judge who gave the instructions. Not even the agreement of the parties to the accuracy of the instructions is sufficient to justify the omission of the judge's approval because it might happen that by an act of carelessness or for some other reason the judge might be misquoted or some of his statement omitted.

In the present case, although the document containing the instructions to the jury is certified to by the stenographer it lacks the signature of the judge, wherefore we are unable to consider them as correct and have no basis upon which to consider whether or not the judge committed an error. *The People* v. *Torres,* 9 P. R. R., 396; *The People* v. *Dones,* 9

P. R. R., 423; *The People* v. *Negrón,* 17 P. R. R., 652; *The People* v. *Coll,* 18 P. R. R., 355; *The People* v. *Laporte, ante* p. 43, and *The People* v. *Bonelli, ante* p. 65.

But at any rate, if the defect attributed to the charges to the jury was that they were insufficient because of their failure to review the testimony given by the witnesses for the defense, as maintained by the appellant, he should have asked the court during the trial to give further charges to the jury and if this were not done he has no right now to ask us to take that question into consideration. See the case of *The People* v. *Dones, supra,* and *The People* v. *Boria,* 12 P. R. R., 166.

Not having any basis upon which to consider this appeal, there being no fundamental error to correct, the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.